NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

AUG 19 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JOSE DEL CARMEN ZAPIEN-ALCALA,

Defendant-Appellant.

No. 22-10314

D.C. No.
4:21-cr-02892-JCH-JR-1

MEMORANDUM*

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JOSE DEL CARMEN ZAPIEN-ALCALA,
AKA Jose Del Carmen Zapien, AKA Jose
Zapien-Alcala,

Defendant-Appellant.

No. 22-10315

D.C. No.
4:21-cr-50156-JCH-JR-1

Appeal from the United States District Court
for the District of Arizona
John Charles Hinderaker, District Judge, Presiding

Submitted August 15, 2024**

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

San Francisco, California

Before: GRABER, CALLAHAN, and KOH, Circuit Judges.

In September 2022, Jose del Carmen Zapien-Alcala pleaded guilty to illegally reentering the United States following deportation, in violation of 8 U.S.C. § 1326(a) and (b)(2). At sentencing, the district court applied two offense-level enhancements under § 2L1.2(b) of the U.S. Sentencing Guidelines ("U.S.S.G.") based on prior offenses for which Zapien-Alcala was sentenced simultaneously in 2019: (1) a four-level enhancement based on his conviction for illegal reentry; and (2) an eight-level enhancement based on his conviction for being a felon in possession of a firearm.[1] The district court ultimately calculated Zapien-Alcala's guideline range to be 84 to 105 months, applied a 36-month downward variance, and imposed a 48-month custodial sentence. Zapien-Alcala timely appealed.[2] We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. The district court properly applied separate enhancements under U.S.S.G.

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[1] The district court applied a third offense-level enhancement under § 2L1.2(b)(2), which is not at issue here.

[2] Zapien-Alcala separately appealed his supervised release violation case, No. 22-10315, but he does not challenge that sentence on appeal. We therefore address only his challenges to the sentence imposed in his criminal case, No. 22-10314.

§ 2L1.2(b)(1) and (b)(3).[3]  Application Note 4 to § 2L1.2 provides guidance for

situations in which a defendant's prior sentences "for an illegal reentry offense and

another felony offense were imposed at the same time and treated as a single

sentence for purposes of calculating the criminal history score."  U.S.S.G. § 2L1.2

cmt. n.4; *see United States v. Prien-Pinto*, 917 F.3d 1155, 1157 (9th Cir. 2019)

("[A]n Application Note 'that interprets or explains a guideline is authoritative

unless it violates the Constitution or a federal statute, or is inconsistent with, or a

plainly erroneous reading of, that guideline.'" (quoting *Stinson v. United States*,

508 U.S. 36, 38 (1993))).  In such circumstances, the sentencing court is directed to

do the following:

> [U]se the illegal reentry offense in determining the appropriate
> enhancement under subsection (b)(1), if it independently would have
> received criminal history points.  In addition, use the prior sentence for
> the other felony offense in determining the appropriate enhancement
> under subsection (b)(2) or (b)(3), as appropriate, if it independently
> would have received criminal history points.

U.S.S.G. § 2L1.2 cmt. n.4.  Thus, both enhancements apply as long as each prior

offense "independently would have received criminal history points."  *Id.*  Here,

---

[3] The parties disagree about whether we should apply *de novo* or plain error review.  Because, as Zapien-Alcala concedes, he did not object to the Guidelines calculations, plain error review would typically apply.  *See Molina-Martinez v. United States*, 578 U.S. 189, 194 (2016).  However, "[i]t is unnecessary for us to decide the appropriate standard of review to apply" because our conclusion would be the same under either.  *United States v. Castillo*, 69 F.4th 648, 653 (9th Cir. 2023).

both of Zapien-Alcala's 2019 offenses would have independently received criminal history points under § 4A1.1(a), notwithstanding the single sentence rule. Thus, both prior offenses properly triggered separate enhancements under § 2L1.2(b).

Zapien-Alcala's assertion that Application Note 4 should be interpreted to authorize separate enhancements only where the prior sentences were imposed *consecutively*, rather than concurrently (as the 2019 district court did), lacks any supporting authority. *See* U.S.S.G. supp. app. C, amend. 802 (2016) (indicating that the phrase "would have received criminal history points" was intended to "exclud[e] stale convictions" from triggering the enhancements). Our decision in *United States v. Cuevas-Lopez*, 934 F.3d 1056 (9th Cir. 2019), does not support Zapien-Alcala because, as he acknowledges, *Cuevas-Lopez* did not address a case that raised the Application Note 4 scenario. Finally, Zapien-Alcala's invocation of the rule of lenity is of no moment because there is no "grievous ambiguity or uncertainty in the guidelines" here. *United States v. D.M.*, 869 F.3d 1133, 1144 (9th Cir. 2017).

2. The district court did not err by applying the eight-level enhancement under § 2L1.2(b)(3)(B) for Zapien-Alcala's 2019 felon in possession offense, rather than the six-level enhancement under § 2L1.2(b)(3)(C).[4] The eight-level

---

[4] The parties again disagree about whether we should apply *de novo* or plain error review. Again, we need not determine which standard applies because our conclusion would be the same under either. *See supra* n.3.

enhancement applies where the sentence imposed for the defendant's prior non-reentry felony offense was "two years or more," whereas the six-level enhancement applies where the sentence imposed "exceeded one year and one month." U.S.S.G. § 2L1.2(b)(3). Because Zapien-Alcala received a 30-month sentence for his 2019 felon in possession conviction, the eight-level enhancement under (b)(3)(B) applied.

Zapien-Alcala's argument — that the district court should have based the (b)(3) enhancement on the sentence the 2019 district court "would have imposed" had his felon in possession offense been sentenced independently — is unpersuasive. Even if his interpretation were correct and the 2019 district court had sentenced Zapien-Alcala for the felon in possession offense alone, Zapien-Alcala concedes that the district court would have started from a guideline range of 27 to 30 months. Thus, to receive the six-level enhancement under (b)(3)(C), the 2019 district court would have had to vary downward to impose a sentence below 24 months. We decline Zapien-Alcala's invitation to speculate as to how this might have been accomplished. We therefore reject his related contention that the district court here engaged in impermissible double counting.[5]

---

[5] We note that Application Note 6 to § 2L1.2 contemplates that "[t]here may be cases in which the offense level provided by an enhancement in subsection (b)(2) or (b)(3) substantially understates or overstates the seriousness of the conduct underlying the prior offense." U.S.S.G. § 2L1.2 cmt. n.6. In such circumstances,

3. Finally, we conclude that Zapien-Alcala is ineligible for resentencing, notwithstanding U.S.S.G. Amendment 821. The parties agree that, under the Amendment (which was made retroactively applicable), Zapien-Alcala's guideline range would now be 70 to 87 months, rather than 84 to 105 months. *See* U.S.S.G. supp. app. C, amends. 821, 825 (2023). However, as the government correctly notes, the district court would be prohibited from resentencing Zapien-Alcala "to a term that is less than the minimum of the amended guideline range" under U.S.S.G. § 1B1.10(b)(2)(A), an applicable policy statement. *See* 18 U.S.C. § 3582(c)(2) (resentencing permitted only where it would be "consistent with applicable policy statements issued by the Sentencing Commission"). Because Zapien-Alcala's 48-month sentence already falls below the minimum of the amended guideline range (70 months), he is ineligible for a reduction of sentence and a remand is unwarranted. *See* U.S.S.G. § 1B1.10 cmt. n.3.

**AFFIRMED.**

---

"a departure may be warranted." *Id.* Here, Zapien-Alcala successfully made this argument at sentencing and received a 36-month downward variance from his guideline range of 84 to 105 months.